B. BLUMENTHAL & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   November 11, 1904.)

No. 3,541.

CUSTOMS DUTIES—CLASSIFICATION—RHINESTONES—PASTE BUTTONS.

Certain so-called rhinestones, articles composed of metal and paste, the latter being the more valuable component, which are merely used to decorate and ornament women's outer apparel, are dutiable as manufactures of paste, not specially provided for, under paragraph 112, Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]. They are excluded from the provision in paragraph 414 of said act, c. 11, § 1, Schedule N, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674], for "buttons made of glass," because they are not strictly buttons, and because, though paste is a species of glass, it is differentiated therefrom elsewhere in the tariff as a separate substance.

On Application for Review of a Decision of the Board of General Appraisers.

In the decision in question, G. A. 5,640, T. D. 25,194, said board affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by B. Blumenthal & Co.   Note U. S. v. Marshall Field & Company, 85 Fed. 862, 29 C. C. A. 458, and Seeberger v. Cahn, 137 U. S. 95, 11 Sup. Ct. 28, 34 L. Ed. 599.

Albert Comstock, for appellant.
Charles D. Baker, for appellee.

HAZEL, District Judge.   The importation consists of rhinestones. They are properly classified as manufactures of metal and paste, of which paste (the rhinestone) is the component material of chief value. They are therefore assessable for duty under paragraph 112 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]).   The importers claim that the merchandise consists of glass buttons, and should be assessed at three-fourths of 1 cent. per line per gross, and in addition thereto 15 per centum ad valorem, under paragraph 414 of the present tariff act (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 190 [U. S. Comp. St. p. 1674]).   This paragraph specifically mentions "buttons made of glass or metal."   It is not disputed that paste is a species of glass, but it is quite clear, as stated in the opinion of the Board of General Appraisers, that Congress has differentiated paste as a separate substance, and has provided a specific duty for manufactures thereof.   Moreover, the articles are not strictly buttons, but, according to the evidence, are merely used to decorate and ornament women's outer apparel, such as gowns, waists, etc.

The opinion of the Board of General Appraisers is sustained.